UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TAMIKA MICHELLE MCDONALD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:25-cv-16 |
| v. ) | |
| ) | |
| WEGO, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Tamika Michelle McDonald, a resident of LaVerge, Tennessee, filed a pro se complaint alleging federal employment discrimination claims. (Doc. No. 1). She paid the full civil filing fee. (Id., Attach. 5).

Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., and the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-101, et seq.

## I. ALLEGED FACTS

The complaint alleges that Defendants are subjecting Plaintiff to a hostile work environment. She alleges that she has been sexually harassed, retaliated against, and suspended without pay or cause. (Doc. No. 1 at Attach. 3).

## II. REVIEW OF THE COMPLAINT

Title VII, 42 U.S.C. § 2000(e)-2, proscribes certain discriminatory employment practices. Before filing suit in federal court under Title VII, a plaintiff must first timely file a relevant charge of discrimination before the Equal Employment Opportunity Commission (EEOC) or corresponding state agency. Amini v. Oberlin Coll., 259 F.3d 493, 398 (6th Cir. 2001). The

1

purpose of this requirement is to allow the EEOC the opportunity to convince the parties to resolve the matter by voluntary settlement rather than through litigation. Randolph v. Ohio Dep't of Youth Servs., 453 F.3d 724, 731-32 (6th Cir. 2006) (citing Parsons v. Yellow Freight Sys., Inc., 741 F.2d 871, 873 (6th Cir. 1984)). A plaintiff must file a charge with the EEOC within 180 days after the alleged unlawful employment practice occurred. 42 U.S.C. § 2000e-5(e)(1). If the EEOC finds that the charge has a reasonable basis, it will issue a notice of right-to-sue to the plaintiff. 29 C.F.R. § 1601.28(b). Upon receipt of a notice of right-to-sue, the employee has 90 days in which to bring a federal action alleging violation of Title VII. 42 U.S.C. § 2000e-5(f)(1). Administrative exhaustion thus involves (1) timely filing a charge of employment discrimination with the EEOC and (2) receiving and acting upon a statutory right-to-sue notice. Granderson v. Univ. of Mich., 211 F. App'x 398, 400 (6th Cir. 2006) (citing Puckett v. Tenn. Eastman Co., 889 F.2d 1481, 1486 (6th Cir. 1989)).

Here, the complaint does not allege that Plaintiff has filed a charge of discrimination with the EEOC or the corresponding state agency. Neither does the complaint state whether Plaintiff has received a right-to-sue letter. No right-to-sue letter is attached to the complaint.

Because the Court was unable to determine whether Plaintiff has filed a charge with the EEOC or corresponding state agency within 180 days after the alleged unlawful employment practice and whether Plaintiff filed this action within 90 days of receiving a right-to-sue letter, the Court directed Plaintiff to file, no later than February 14, 2025, a copy of the right-to-sue letter issued to her by either the EEOC or the corresponding state agency. (Order, Doc. No. 12). The Court warned Plaintiff that, should she fail to comply with the Court's Order within the time frame specified, any limitations period applicable to this action would no longer be tolled, and the case could be dismissed. (Id.)

To date, Plaintiff has not submitted a right-to-sue letter. Instead, she submitted copies of an "inquiry" she "put in" to the EEOC. (Doc. No. 13). These copies reflect that Plaintiff was merely inquiring into whether she might pursue a charge of discrimination. Indeed, the form asks for information about the "Potential" Charging Party. (Id. at PageID# 69). Plaintiff does not appear to have filed a charge of discrimination with the EEOC and received the required right-to-sue letter prior to filing this lawsuit.

Were this a situation where a plaintiff had pursued administrative relief and merely failed to allege that she had pursued administrative relief and/or failed to submit her right-to-sue letter, an amendment to the complaint to show that such relief was pursued prior to the filing of a complaint would be proper. However, Plaintiff has not alleged that she pursued such relief prior to filing this action even after having been specifically directed to do so by the Court. Under the circumstances, the Court finds that the appropriate course of action is to dismiss the case without prejudice for failure to exhaust administrative remedies.

### III. CONCLUSION

Accordingly, this action is hereby **DISMISSED WITHOUT PREJUDICE**. The pending Motions to Dismiss (Doc. Nos. 8 and 9) are **DENIED AS MOOT**.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE